UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.G.,<br><br>    Plaintiff,<br><br>v.<br><br>CASTRO VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 19-cv-06691-JCS<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 59, 60 |

    Plaintiff E.G., a minor, brought this action in state court asserting claims under Title II of the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act, as well as a number of state law claims. Defendant Castro Valley Unified School District ("CVUSD") removed to this Court based on federal question jurisdiction. After a long delay during which the parties attempted unsuccessfully to resolve the case, CVUSD now moves for judgment on the pleadings under Rule 12(c) as to E.G.'s federal claims, arguing that they are barred by his failure to exhaust remedies under the Individuals with Disabilities Education Act ("IDEA"), and for sanctions based on E.G.'s pursuit of purportedly frivolous claims.

    The Court cannot reach the merits of the parties' dispute as to whether exhaustion under the IDEA was required, because E.G. is correct that such exhaustion is an affirmative defense generally inappropriate for resolution on the pleadings. The Ninth Circuit had previously endorsed "use of unenumerated Rule 12(b) motions to decide exhaustion questions" for the IDEA and similarly-structured statutes, but held in 2014 that the inquiry generally must be addressed through summary judgment, except in "rare cases where a failure to exhaust is clear from the face of the complaint," a standard that requires more than mere silence as to exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1169, 1171 (9th Cir. 2014) (en banc). Despite E.G.'s reliance on *Albino* in

his opposition to judgment in the pleadings, CVUSD simply ignores that precedent in its reply, relying instead on cases from the Supreme Court and Ninth Circuit where such issues have been addressed on the pleading. *See, e.g.*, *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743 (2017); *D.D. ex rel. Ingram v. L.A. Unified Sch. Dist.*, 984 F.3d 773 (9th Cir. 2020), *vacated on granting reh'g en banc*, 995 F.3d 670 (9th Cir. 2021).

      The Ninth Circuit has provided some explanation for that apparent discrepancy in *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902 (9th Cir. 2020), reaching the merits of an IDEA exhaustion dispute improperly raised under Rule 12(b)(6) only because the plaintiff did "not challenge the District's assertion that she failed to exhaust her claims under the IDEA's administrative process or the procedural mechanism by which the district court dismissed the complaint." 976 F.3d at 909 n.6. In *Fry*, the Supreme Court considered an IDEA exhaustion argument on the pleadings, but there is no indication that any party objected to its doing so. *See generally* 137 S. Ct. 743. The Court is aware of no post-*Albino* decision from the Supreme Court or Ninth Circuit considering such a challenge on the pleadings *over a plaintiff's procedural objection*—with the possible exception of the now-vacated panel decision in *D.D.*, where the plaintiff noted *Albino*'s holding in a single sentence on the last substantive page his opening brief on appeal, did not pursue the argument in his reply, and never suggested that a factual record would alter the analysis. *See* Opening Br. at 33, *D.D. ex rel. Ingram v. L.A. Unified Sch. Dist.*, No. 19-55810, ECF Doc. No. 15 (9th Cir. Oct. 15, 2019). The Ninth Circuit stated that despite the inappropriate resolution of the issue on a Rule 12(b) motion rather than motion for summary judgment, it "need not dwell on the procedural context, . . . because the issue of exhaustion in this case is one of law; the parties dispute the significance of the alleged facts, not the facts themselves," and thus the panel's "review would be de novo regardless of the motion filed." *D.D.*, 984 F.3d at 781.[1]

---

[1] Two other cases cited by CVUSD also do not show that a court may resolve this issue on the pleadings where the complaint is silent as to exhaustion despite a plaintiff's procedural objection. The published decision *Paul G. ex rel. Steve G. v. Monterey Peninsula Unified School District*, 933 F.3d 1096 (9th Cir. 2019), does not discuss the significance of the procedural posture, and the plaintiff's briefs in that case raised no procedural challenge under *Albino*. As for *K.D. ex rel. Carrera v. Los Angeles Unified School District*, 816 F. App'x 222 (9th Cir. 2020), the district court's decision that was the subject of that appeal makes clear that the plaintiff specifically alleged having settled an IDEA claim, which the district court and Ninth Circuit held did not

This is not a case where failure to exhaust is clear from the pleadings: E.G.'s complaint is silent on the matter. *See* Notice of Removal (dkt. 5) Ex. E (1st Am. Compl.). CVUSD contends that, like in *D.D.*, the Court may resolve the issue on the pleadings because there is no factual dispute. *See* Reply (dkt. 69) at 2, 5. But E.G. does not concede the relevant facts—at least not explicitly—and instead argues that resolving the issue on the "current motion would deny [him] an opportunity to present evidence that exhaustion was satisfied or that the failure to exhaust is excused." Opp'n (dkt. 66) at 4. True, E.G. has not identified particular evidence he would present to show exhaustion or excuse, but requiring him to do so on a motion addressing the pleadings would improperly shift the burden of CVUSD's affirmative defense to E.G. no less than if E.G. were required to plead exhaustion in his complaint, which under *Albino*, he is not.[2] While CVUSD asserts that E.G.'s mother conceded failure to exhaust in a deposition, Reply at 1, such evidence is not before the Court (nor could it be on a Rule 12(c) motion), and even if it were, it does not necessarily preclude a showing of excuse.

The Court does not read *Fry*'s consideration of a challenge to IDEA exhaustion on the pleadings as silently abrogating the holding of *Albino* that such challenges must normally be brought under Rule 56 on a factual record—particularly where the Ninth Circuit has since reaffirmed that general rule of *Albino* in multiple decisions. *E.g.*, *McIntyre*, 976 F.3d at 909 n.6; *A. L. ex rel. Lee v. Clovis Unified Sch. Dist.*, 798 F. App'x 163, 164 (9th Cir. 2020); *D.D.*, 984 F.3d at 781. In the absence of such intervening authority, *Albino* remains binding precedent, and the Court will not vitiate it by requiring a plaintiff to present a particular factual theory of exhaustion or excuse to avoid dismissal on the pleadings. CVUSD's motion under Rule 12(c) is therefore DENIED, without prejudice to any argument CVUSD might raise in a motion for summary judgment. CVUSD's motion for sanctions is also DENIED, without prejudice to

---

satisfy exhaustion. *K.D. v. L.A. Unified Sch. Dist.*, No. CV 19-2032 PA (EX), 2019 WL 7838971, at *2 (C.D. Cal. Sept. 11, 2019).

[2] Because it is not yet clear what evidence E.G. might offer, and he has no burden to identify that evidence to oppose a motion under Rule 12(c), the Court does not reach the question of whether E.G.'s insistence on a different procedural posture could support sanctions for vexatiously multiplying proceedings if, in the context of this case where discovery has closed and the relevant factual record has presumably been fully developed, he does not actually intend to offer any evidence beyond what he has alleged in his complaint.

bringing a new motion for sanctions, if warranted, *after* resolution of this issue on summary judgment.

The hearing previously set for June 25, 2021 is VACATED. The case management conference previously set to coincide with the hearing is CONTINUED to 2:00 PM the same day, to occur via Zoom webinar. The parties should be prepared to address at the case management conference whether the issue of exhaustion warrants a separate summary judgment motion and whether the case schedule would permit such a motion to be heard before the parties have briefed their summary judgment motions on the merits.[3]

**IT IS SO ORDERED.**

Dated: June 22, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties have consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).